Steven M. Olson, Esq.
State Bar No. 146120
LAW OFFICE OF STEVEN M. OLSON
100 E Street, Suite 104
Santa Rosa, CA 95404
Telephone: (707) 575-1800
Facsimile: (707) 575-1867
Email: smo@smolsonlaw.com

Attorney for Timothy W. Hoffman, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In Re                                    Case No. 12-12398
                                         (Chapter 7)
HEIDI JOY McCARTHY,

    Debtor.
_____/

TIMOTHY W. HOFFMAN, Chapter 7          A.P. No. _____
Trustee for the Estate of Heidi Joy
McCarthy,

    Plaintiff,

v.

SCOTT McCARTHY;  BAUFINANZ
INVESTMENTS LIMITED; and HEIDI
JOY McCARTHY;

    Defendants.
_____/

## COMPLAINT

Plaintiff Timothy W. Hoffman (the "Trustee"), Chapter 7 Trustee for the Estate of Heidi Joy McCarthy (the "Debtor") alleges as follows:

### I.

### PARTIES

1.    The Trustee is the Chapter 7 Trustee for the Debtor's estate.

2.    Defendant Scott McCarthy is the Debtor's spouse.

3.    Defendant Baufinanz Investments Limited ("Baufinanz") is, upon information and belief, a corporation organized under the laws of the British Virgin

COMPLAINT - Page 1

Case: 12-03144   Doc# 1   Filed: 10/02/12   Entered: 10/02/12 16:57:53   Page 1 of 4

Islands.

4. The Debtor is a defendant, with respect to the claims for relief for preservation of an avoided security interest and for an injunction.

## II.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1334 and 157, pursuant to the filing of the voluntary petition of the Debtor commencing Case No. 12-12398. Furthermore, this is a "core" proceeding pursuant to 28 U.S.C. § 157(b). This complaint is brought pursuant to 11 U.S.C. §§ 105 and 541 and Federal Rule of Bankruptcy Procedure 7001. Venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

## III.

## FIRST CLAIM FOR RELIEF

### To Avoid Unperfected Lien, and Preserve Lien for Estate's Benefit

### (11 U.S.C. §§ 105, 544, 551)

6. Prior to April 1, 2012, the Debtor and Scott McCarthy owned the real property and improvements located at 114 Alder Avenue, San Anselmo, CA 94960-1741 (the "Property"). They purchased the Property in September of 2004, after they were married.

7. On April 1, 2012, the Debtor and Scott McCarthy sold the Property. They received the sum of approximately $773,272.07 (the "Sale Proceeds"). The Property was community property of the marital community of the Debtor and Scott McCarthy. The Sale Proceeds are also community property. The Sale Proceeds, in their entirety, are property of the Debtor's bankruptcy estate.

8. Pursuant to order of the Marin County Superior Court in the pending marital dissolution action between the Debtor and Scott McCarthy, Case No. FL 1103597 (the "Divorce Proceeding"), the Sale Proceeds are being held in the client trust account of Rodrigo Dias, divorce counsel for the Debtor.

<u>COMPLAINT</u> - Page 2

9.     In September of 2007, the Debtor and Scott McCarthy entered into a Loan Agreement with Baufinanz.  Thereafter, in January of 2009, the parties amended the Loan Agreement.  Pursuant to Paragraph 5.3 of the Loan Agreement, Baufinanz received a security interest in the Property, as security for repayment of the subject loan.  The loan amount was $1,400,000.

10.     Baufinanz did not perfect its security interest in the Property by recording evidence of the security interest with the Marin County Recorder.  Accordingly, the Trustee may avoid the security interest of Baufinanz pursuant to Section 544 of the Bankruptcy Code.

11.     The avoided security interest of Baufinanz is preserved for the benefit of the estate pursuant to Section 551 of the Bankruptcy Code.  The preserved security interest attaches to the Sale Proceeds, which are the proceeds from the sale of the Property.  Accordingly, the Trustee is entitled to receive the entirety of the Sale Proceeds, to be administered as set forth in Chapter 7 of the Bankruptcy Code, and Baufinanz has only a general unsecured claim in the Debtor's case.

## IV.

## SECOND CLAIM FOR RELIEF

### For Injunction Against Defendants

### (11 U.S.C. §§ 105, 541)

12.     The Trustee incorporates, by this reference, the allegations set forth in paragraphs 1 through 11 above.

13.     The Trustee is entitled to an injunction, pending the issuance of a final judgment in this proceeding, to secure the Sale Proceeds into a blocked, interest-bearing account, in order to ensure that the Sale Proceeds are not spent or taken.

WHEREFORE, Plaintiff Timothy W. Hoffman, Chapter 7 Trustee, requests that the court:

1.     Issue a judgment avoiding the unperfected security interest of Baufinanz in the Property and in the Sale Proceeds;

COMPLAINT - Page 3

2.     Issue a judgment declaring that the avoided security interest of Baufinanz in the Property and in the Sale Proceeds is preserved for the benefit of the Debtor's estate, and accordingly the entirety of the Sale Proceeds is to be turned over to the Trustee for distributions in the Debtor's case as set forth in Chapter 7 of the Bankruptcy Code;

3.     Issue an injunction to secure the Sale Proceeds into a blocked, interest-bearing account pending the issuance of a final judgment in this proceeding;

4.     Award the Trustee his fees and costs of suit to the fullest extent authorized by applicable law; and

5.     Grant the Trustee such other and further relief, at law or in equity, to which the Trustee may be justly entitled.

DATED:  October 2, 2012              LAW OFFICE OF STEVEN M. OLSON

                                                    /S/ Steven M. Olson
                                         By_____
                                                    Steven M. Olson
                                         ATTORNEYS FOR TRUSTEE

COMPLAINT - Page 4